CASE 48—PETITION EQUITY—APRIL 19.

# Bowers, Assignee, &c v. The Huntington Bank.

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

1. PREFERENCE OF CREDITORS.—A particular transfer by an insolvent debtor will not be declared to operate as an assignment under the statute, unless it is specifically set out in a petition, filed for that purpose, and be charged to have been made in contemplation of insolvency, and with a view to prefer one or more creditors to the exclusion of others. A general allegation, after specifying certain transfers, that the debtor has made "sundry other assignments and transfers to other persons unknown to plaintiffs, all in contemplation of insolvency and within six months," and calling on the debtor to disclose any and all such transfers, does not authorize the court to declare any transfer not specifically mentioned to operate as an assignment under the statute.

2. SAME.—It is indispensable under the statute that the vendee, assignee or party receiving the benefit should be made a party to the petition and to the allegations attacking the particular transfer.

3. SAME.—It must appear from the petition that it was filed within six months after the transfer complained of, either by a direct allegation to that effect, or by stating the time the transfer was recorded or sale made and property delivered, so that by reference to that statement and the time the petition was filed it shall appear to have been within the time limited.

Bowers, Assignee, &c v. The Huntington Bank, &c.

4. SAME.—After the act of insolvency has been once established, then by operation of law all subsequent assignments and conveyances are subject to control by the courts with a view of finally distributing the estate of the debtor among all his creditors.

WHITE & GRIFFEY AND BISHOP & GREER FOR APPELLANTS.

1. No act of the debtor not specifically attacked by the petition can be declared to operate as an assignment under the statute. (Wintersmith & Young v. Pointer & Conway, 2 Met., 460; Fuqua v. Ferrell, 80 Ky., 69.)

2. To render an act of the debtor a violation of the act of 1856, it must appear that it was done not only in contemplation of insolvency, but also with the design to prefer creditors. (Thompson v. Heffner's Ex'ors, 11 Bush, 360; Millett v. Pottinger, 4 Met., 213; Whitehead v. Woodruff, 11 Bush, 209; Savings Bank of Louisville v. McAllister's Adm'r, 83 Ky.; Hampton v. Morris, 2 Met., 237; Grimes v. Grimes, 9 Ky. L. Rep., 694; Talbott's Ass'ee v. Ewalt, *Idem*, 908; Levis & Broxhohn v. Zinn &c., 93 Ky., 628.)

W. G. BULLITT FOR APPELLEES.

1. Although the statute must be invoked by a creditor to give it operation, yet whenever it is properly invoked it relates back to the transaction of bankruptcy provided against by it, and takes hold of the whole of the property and assets as of that date, and operates as an assignment of all for the benefit of all creditors alike.

2. When the facts of a controversy are within the knowledge of the defendants and unknown to the plaintiffs, the answer will cure the defects of the bill or petition in equity. (Neilson v. Churchill, 5 Dana, 338; Wall, &c. v. Hill, 7 Dana, 173; Bentley v. Bustard, 16 B. Mon., 674.)

And answer will cure defects of petition at law, although the facts may be known to plaintiff. (Drake's Ex'ors v. Semonin & Dixon, 82 Ky., 291.)

N. P. MOSS ON SAME SIDE.

1. The evidence is sufficient to show that the transfers attacked by the petition were made in contemplation of insolvency. (Thompson, &c., v. Heffner's Ex'ors, &c., 11 Bush, 359.)

2. The act of 1856 is a remedial statute and should be liberally construed. (Gen. Stats., chap. 21, sec. 16.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by the Fulton Bank and sundry other parties, defendants in the court below, wherein a judgment was rendered in favor of the Huntington Bank and the First National Bank of Mayfield, setting aside divers and sundry conveyances, assignments and transfers, made by J. E. Bowers, Bowers & Boone, and by C. T. Bowers, to appellants and others, on the ground that they were severally made in contemplation of insolvency, and with a view to prefer certain creditors named in the petition. The judgment recites specifically the several transactions that it adjudges so made, and with the exception hereinafter named we think the judgment correct.

It is manifest from the great weight of the testimony in the cause, that these parties at the date of the transfers and assignment brought in question and adjudged to be within the prohibition of the act of 1856, were largely indebted far beyond any reasonable probability of paying, and that certain of their large creditors were apprehensive of losing their debts.

Manifestly recognizing the inability of the defendants to make payment in full, and that they, mostly being on the ground and near by, were constantly urging that some arrangements be made whereby their several debts could be paid. In fact, the chief officers of the Clinton Bank participated in the transaction whereby a sale of the dry-goods establishment, belonging to Bowers and Boone, was made, amounting to some thirteen thousand dollars, wherein and whereby some $4,200 of debts due that bank for which they were liable as endorsers was paid. This was in December, 1889. And not long after this the Fulton Bank obtained a conveyance of a thousand-acre tract of land in Wolfe county,

to secure among other indebtedness some $2,200 due them. Divers other transactions of a similar character occurred near by the time indicated, all evidencing the alarm and un- easiness of the several creditors so secured, and all made under such circumstances as clearly brought the several transactions within both the spirit and the letter of the act of 1856, under which plaintiffs filed their suit.

It may be observed that in none of these assignments or transfers was any provision made looking to the payment or security of either of the plaintiffs, who,together, were cred- itors in the sum of nine thousand dollars.

The isolated matter to which we refer in the judgment as being one that is now seriously questioned is that where- in by the judgment of the court appealed from, it adjudges that the conveyance made by C. T. Bowers of date Decem- ber 24, 1889, to Reid and Ringo, was made in contemplation of insolvency. And thus the court makes this the transac- tion and the sale of same whereon it declares all the prop- erty of C. T. Bowers to pass under the act of 1856 to his creditors. The conveyance referred to as shown by the evi- dence was of a house and lot at the price of $500, and which C. P. Bowers says in his evidence was conveyed by him to said parties Reid and Ringo, and to pay a pressing out- standing debt of his to said Ringo and Reid.

As to this judgment of the court appellants Ringo and Reid complain, and say that plaintiffs, in their petition, filed under the act of 1856, did not set up or attack the sale of this lot by C. T. Bowers to them at all, and this is true; while another transaction that C. T. Bowers had with the Fulton Bank on the 18th day of March, 1890, is attacked as being an act of insolvency. And this, too, is sustained by the court, yet it nowhere appears that plaintiffs ever set out either in their original or in any amended petition the

sale of the house and lot by C. T. Bowers to Ringo and Reid, of date December 24, 1889, as being made in contemplation of insolvency, and to secure said parties to the exclusion of their other creditors.

In our opinion, such an allegation is indispensable under the statute. It may be noted that no transaction can be made to assign and transfer the property of a debtor to and for the benefit of his creditors, unless suit is filed based on that transaction, setting up the proper allegations under the statute, and filed, too, within six months of the making of the transfer or assignment. The thing done and relied upon must be set out and charged to have been done in contemplation of insolvency, and with a view to prefer one or more creditors to the exclusion of his (the debtor's) other creditors, as well as the suit must be filed within the six months.

It is indispensable under the statute that the vendee, assignee or party receiving the benefit must be made a party to this petition and to these allegations, that he may respond to same and make defense if he chooses so to do. His property secured by regular deed of conveyance, as in this case, can not be taken from him without suit and notice. The allegation must precede the proof. Without appropriate allegation no amount of evidence can be sufficient to deprive a creditor of his deed under the statute.

True after the act of insolvency has been once established, then by operation of law all subsequent assignments and conveyances are subject to control by the courts with a view of finally distributing the estate of the debtor among all his creditors. But in this case no previous act of insolvency is charged, or shown to have been committed by C. T. Bowers, and hence this conveyance is not affected under that clause of the statute.

While it is true that in this case the said Ringo and Reid were made defendants, yet it was to answer an allegation in the petition that the other brother, J. E. Bowers, had assigned to them certain other property mentioned, and that allegation was answered.

We do not find the deed from C. T. Bowers to Ringo and Reid in the record, nor the date of the transaction. Doubtless, however, the court correctly identifies the same as being within six months before petition filed, but the legal objection remains that that transaction had not been attacked by any creditor.

In the case of Wintersmith & Young, v. Pointer & Conway, 2 Met., 460, this court said: "A creditor who claims the benefit of this act (of 1856) must file his petition alleging the facts on which he bases his claim, within the time prescribed by the act itself. His right to treat the sale or transfer as an equitable assignment for the benefit of creditors generally, depends on the filing of a petition by himself or by some other interested person, within the time mentioned. This fact being essential to the existence of the right, must be made to appear, either by a direct allegation on the subject in the petition, or by stating therein the time the transfer was recorded, or sale made and property delivered, so that by reference to that statement, and the time the petition was filed, it shall appear to have been within the time limited."

See also Heidrich & Co. v. Silva, 89 Ky., 426; Vinson, &c., v. McAlpin & Co., 87 Ky., 357.

It is true that plaintiffs charge in their petition that the defendants, J. E. Bowers and C. T. Bowers, had made sundry other assignments and transfers to other persons, unknown to them, all in contemplation of insolvency and within six months next before the filing of their petition. And

.though they call on said Bowers Brother to answer and disclose any and all such transfers, yet there was made no specific charge of the particular transaction with Ringo and Reid, which called on them to answer, such as indicated by the court in its judgment. (H. B. Claflin Co. v. Levitch, 16 Ky. Law Rep. 866.)

Wherefore it is adjudged by the court that so much of the judgment only as declares the transfer by C. T. Bowers of the house and lot to Ringo and Reid of date, December 24, 1889, to be an act of insolvency on the part of said C. T. Bowers, and that it operated to transfer all property owned by him on that date to and for the use of his creditors generally, be and the same is reversed, set aside and held for naught.

In all other respects the judgment is approved, and this cause is remanded for further proceedings not inconsistent with this opinion.