## Grigsbey v. Lexington & Eastern Railway Company.

(Decied November 14, 1912.)

Appeal from Perry Circuit Court.

Materialmen's Lien—Liens of Laborers and Materialmen on Railroads.—The filing of the preliminary statement provided for in section 2492 of the Kentucky Statutes is not essential to give to a person who furnishes labor or material in the constructon of a railroad a lien upon the property of the railroad, if he files the statement provided for in section 2494 of the statute. The filing of the preliminary statement is only necessary to give the laborer or materialman a superior lien as between him and other lien creditors.

J. B. EVERSOLE, HERRLINGER, DIXON & STEWART for appellant.

EDWARD S. JOUETT, WOOTON & MORGAN, B. R. JOUETT and S. M. WILSON for appellee.

Opinion of the Court by Judge Carroll—Reversing.

The construction work upon a branch line of the appellee railway company was let to the firm of Jones Bros., and this firm subcontracted the work to the Jones Davis Co., and this company subcontracted a portion of it to U. S. Tackett. During the progress of the work the appellant Grigsbey furnished to Tackett a lot of timber to be used in a tunnel. Shortly after the furnishing of the timber by Grigsbey the Jones Davis Co., as well as Tackett, became financially embarrassed, if not insolvent, and the work they had contracted to do was stopped. Whereupon Grigsbey filed in the clerk's office of the Perry County Court a statement showing the quantity and value of the material furnished, and asserted a lien upon the appellee's railroad, as provided for in section 2494 of the Kentucky Statutes. Afterwards Grigsbey brought the suit we are now considering against the appellee railway company for the purpose of enforcing his lien. To the petition a general demurrer was filed and sustained by the lower court, and this appeal is prosecuted from the judgment dismissing the petition.

The single question presented is whether or not it was necessary to the validity of the lien asserted by Grigsbey that he should have filed the preliminary statement of his intention to claim a lien, provided for in section 2492 of the Kentucky Statutes. But as it is necessary that section 2463 of the statutes, relating to the liens of mechanics and materialmen generally, as well as section 2492 of the statutes, relating to the liens of laborers and materialmen on railroad and other public improvements, should be considered, we will copy so much of these sections as are pertinent to the matter in issue. Section 2463 provides in part that "a person who performs labor or furnishes material in the erection, altering or repairing a house, building, or other stucture * * * shall have a lien thereon * * * and said lien on the land or improvements shall be superior to any mortgage or incumbrance created subsequent to the beginning of the labor or the furnishing of the material; and said lien, if asserted as hereinafter provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials; Provided, That such lien shall not take prece-

dence of a mortgage or other contract, lien or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, unless the person claiming such prior lien shall, before the recording of such mortgage or other contract lien or conveyance, have filed in the clerk's office of the county court of the county wherein he shall have performed labor or furnished material, or shall expect to perform labor or furnish materials, as aforesaid, a statement showing that he has performed or furnished, or that he expects to perform or furnish, such labor or materials, and the amount in full thereof, and his lien shall not, as against the holder of said mortgage or other contract lien or conveyance, exceed the amount of the lien claimed, or expected to be claimed, as set forth in such statement." * * * In section 2468 it is provided that "The liens mentioned in the preceding sections shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated, a statement of the amount due him, with all just credits and set-offs known to him, together with a description of the property intended to be covered by the lien." * * * Section 2492 reads, "All persons who perform or furnish labor, material, supplies or teams, for the construction or improvement of any canal, railroad, turnpike or other public improvements in this Commonwealth, by contract, express or implied, with the owner or owners thereof, or by subcontract thereunder, shall have a lien thereon, and upon all of the property and franchise of the owner or owners thereof, for the full contract price of such labor, material, supplies and teams so furnished or performed, which said lien shall be prior and superior to all other liens thereafter created thereon; but any person undertaking or expecting to perform or furnish labor, material, supplies or teams in the manner provided in this section, may acquire a lien therefor, as herein provided, by filing in the clerk's office of each county where he shall have so undertaken to perform or furnish labor, material, supplies or teams, a statement in writing, stating that he has so undertaken and expects to perform or furnish labor, material, supplies or teams, and the price at which the same is to be furnished, and the lien for labor performed, material, supplies or teams

furnished thereafter shall relate back and take effect from the date of the filing of such statement. Provided, That as to all original construction such lien shall be prior to all liens theretofore or thereafter created on the part so constructed, and no other part," and section 2494 provides that "No lien provided for in this article shall attach unless the person who performs or furnishes the labor or teams shall, within sixty days after the last day of the last month in which any labor was performed or materials or teams were furnished, file in the county clerk's office of each county in which the labor was performed or materials or teams were furnished a statement, in writing, verified by affidavit, setting forth the amount due therefor, and for which the lien is claimed, and the name of the canal, railroad, turnpike or other public improvement upon which it is claimed." * * *

Sections 2463 and 2492, as originally written in the act of 1893 were amended in 1896 by an act that amended other sections of the law relating to the liens of laborers and materialmen, as well as these two sections. By this amendment there was added to section 2463 the words in the section quoted beginning with the word "provided" down to and including the words "in such statement," and there was added to section 2492 the matter beginning with the words "but no person undertaking or expecting to perform or furnish labor" down to and including the end of the section. It will be noticed that this amendment added to each of these sections the matter relating to what is called the preliminary statement, and it is now the contention of counsel for the railroad company that a person who furnishes labor or material, under section 2492, cannot, under any state of case, acquire a lien upon the property of the railroad company unless he files the preliminary statement; while it is argued in behalf of Grigsbey that the filing of the preliminary statement is not essential to the existence of the lien, but is only necessary when the claimant desires to obtain priority over some other claimant or lienholder who may acquire a lien upon the property after the claimant has commenced to labor or furnish material. The correctness of the judgment appealed from depends upon which one of these constructions of the statute is right.

In this case there are no intervening lienholders or claimants. The contest is solely between Grigsbey on the

one side and the railroad company on the other, and as Grigsbey filed in due time and proper manner the statements provided for in section 2494, no question is made as to the validity of his lien, if the filing of the preliminary statement was not a prerequisite to acquiring the lien. There is some difference in the wording of the amendment to section 2463 and the wording of the amendment to section 2492. In this difference counsel for the railroad company finds the basis for his argument that the preliminary statement is an indispensable prerequisite to the acquiring of a lien under section 2492 in any state of case and without reference to whether there are other intervening lienholders or not, while conceding that under section 2463 the preliminary statement is only necessary to give the claimant priority over other lienholders, and is not essential to the validity of his lien as against the property on which the labor was done or the material furnished.

But after giving the question at issue full and careful consideration we have reached the conclusion that the amendment to each of these sections was intended to accomplish the same purpose, and that the filing of the preliminary statement is not essential under either of them to give the laborer or materialmen a lien upon the property if he has filed the statement required by sections 2468 or 2494, whichever one he should have filed it under. We think the only object of the amendment was to require the laborer or materialman, if he desired to have a lien superior to other lienholders, to give the preliminary notice of his intention to claim a lien and that it was not intended to affect the right to a lien as against the property owner, which was given by the other part of the section in peremptory language. It will be observed that the first clause of section 2492 provides in express terms that laborers and materialmen shall have a lien upon the property on which the labor is done or for which the material is furnished, and that this lien shall be prior and superior to all other liens thereafter created thereon. But the latter part of the section, or the amendment, modifies so much of the preceding part of the section as declares that the lien shall be prior and superior by providing that priority shall not exist unless the preliminary statement is filed but it goes no further than this and except in this particular does not change the other parts of the section. We are quite confident

that this is the fair and reasonable construction that should be placed on this section as amended. To give it the construction contended for by counsel would practically nullify the purpose of the statute giving a lien, because there are few persons who labor, or furnish in small quantities material who would think of filing in advance a statement that they intended to claim a lien, and also work an unfair discrimination not intended between persons who furnish labor or material in the construction of railroads or other public improvements and persons who furnish labor or material for buildings. It would further result in giving a preference to railroad and public improvement companies, because the person who furnished labor or material in the erection of a building would have a lien without the preliminary statement, although the owner of the property might have paid the contractor in full; while a railroad or other public improvement would be saved from any loss on this account if no preliminary statement was filed. Furthermore, the construction we have given this statute was approved in Trust Co. of America v. Casey, 131 Ky., 771. In that case there was a contest between the person who frunished the labor and material in the construction of an electric plant and a person who, after the building was completed but before the time expired in which the builder had a right to file his statement under section 2468, took a mortgage on the building. In adjudging that the lien of the mortgagee was superior to that of the builder because the builder had not filed the preliminary statement required by section 2463, we said that whether the lien of the builder was asserted under section 2463 or under section 2492 was immaterial, "for the reason that section 2492 contains in substance the same clause as section 2463, requiring a person who furnishes material and erects a building, to enable him to obtain priority over an after-recorded mortgage, to file in the county clerk's office a statement to the effect that he expects to furnish materials and erect the building." Nor is our construction in conflict with the opinion in Millett v. Swift, 138 Ky., 408, strongly relied on by counsel for the railroad company. In that case, as is shown by the opinion, Millett was a contractor for construction work on the Louisville & Nashville Railroad, and Swift was a subcontractor under Millett. During the progress of the work Swift gave to Duffield an order on Millett

for $1,458, which was accepted. A few days after this the Jellico Grocery Co. brought suit against Swift for $1,161, and obtained an attachment, which was served on Millett as garnishee, and a few days later the Jellico Hardware Co. filed in the office of the county court a statement as provided in section 2494 for $1,180, and asserted a lien on the railroad property. With this condition existing, Millett, who had in his hands $1,181 that belonged to Swift, brought an action to have determined which one of these creditors of Swift, who was insolvent, was entitled to the money, which was little more than enough to pay one of them. The railroad company was not a party to the litigation over this fund between the three creditors of Swift. It was solely a contest between them, each asserting a prior lien on a fund that was not sufficient to pay all of them. The lien of Duffield arose out of the assignment accepted by Millett and was first in point of time. The attachment lien of the Grocery Company came next in point of time, and following it, in point of time, came the lien asserted by the hardware company, growing out of the fact that it had filed the materialman's statement provided for in section 2494. It will thus be seen that the priority of the lien asserted by the hardware company depended entirely upon its compliance with the statute, because the only lien it asserted arose out of the statute. As the statute stood before the amendment, its lien would have had priority, but under the statute as amended it was necessary that it should have filed, before the liens of the other creditors attached, the preliminary statement declaring its intention to claim a lien, which it never did. This being the attitude of the parties and the condition of their asserted liens, the only question to be, or that was decided was one relating to the priority and not the existence of liens. In other words, the question was not whether the hardware company had a lien but whether its asserted lien was or not prior to the liens of the other claimants of the fund, and we held that it was not, saying in the course of the opinion that "under the amendment the lien is superior to all liens theretofore or thereafter created, but it does not relieve the claimant of the necessity of filing a statment of his intention, in order that he may have priority over liens thereafter created. * * * The original act provided how a lien might be acquired in such cases, and the purpose of the amendment was mani-

festly to modify the existing statute as to how the lien might be acquired. The language used shows that the act was drawn for this purpose, and no other matter is referred to. By the act of 1896 sections 2463 and 2492, of the Kentucky Statutes, were both amended so as to read as they do now, and the difference in the language used is conclusive that a difference in the meaning was intended. We, therefore, conclude that the hardware company acquired no lien here by filing a statement in the clerk's office on August 28, after the other liens had attached.''

When the opinion is read in the light of the facts stated in it, and with a full understanding of the issues set out, it is quite clear that it only decides a question of priorities.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.