### Jellico Hardware Company v. Pine Mountain Railroad Company, et al.

(Decided March 22, 1918.)

Appeal from Whitley Circuit Court.

New Trial—Grounds—Mistake of Parties and Court—Erroneous Judgment—Petition—Sufficiency.—The rendition of an erroneous judgment due to the mistake of the parties and the trial court in

not correctly interpreting an opinion of the Court of Appeals, is an error which can be remedied only by direct appeal from that judgment and not by the statutory action for a new trial under Civil Code of Practice, section 518, and a petition relying on such ground for a new trial is insufficient.

HENRY C. GILLIS for appellant.

TYE, SILER & GATLIFF for Railroad Company.

STEPHENS & STEELY for other appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Jellico Hardware Company, brought this suit under section 518, Civil Code, for a new trial of the action of Jellico Hardware Company v. Pine Mountain Railroad Company, etc., which was consolidated with the action of P. J. Millett v. T. J. Swift, et al. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

It appears that in the year 1907, P. J. Millett entered into a contract with the Louisville & Nashville Railroad Company to construct for it and the Pine Mountain Railroad Company six miles of roadbed in Whitley county, and T. J. Swift entered into a contract with Millett by which he was to construct about two miles of the road. During the progress of the work, the Jellico Hardware Company furnished Swift, sub-contractor, material and supplies to the amount of $1,180.05, which were used in the construction of the roadbed. Millett, the contractor, had given the railroad a bond to protect it against liens. When the road was completed, there was a balance of $1,681.24 due from Millett to Swift. The Jellico Grocery Company attached this sum in the hands of Millett as garnishee.

By a separate action, the Jellico Hardware Company asserted a lien on the fund and also on the property of the railroad company. The Jellico Hardware Company and E. E. Duffield also claimed the fund under written assignments. Millett brought suit against T. J. Swift, E. E. Duffield, the Jellico Hardware Company and others, and asked the direction of the court as to how the money in his hands should be paid. This suit was consolidated with the action brought by the Jellico Hardware Company. The circuit court adjudged the hardware company a first lien and also entered judgment in

favor of the Jellico Grocery Company for its debt and interest. From this judgment Millett and Duffield appealed. The judgments directing Millett to pay the money to the receiver and in favor of the Jellico Grocery Company and the Jellico Hardware Company, and rejecting the claim of E. E. Duffield were reversed, and the cause remanded for further proceedings in accordance with the opinion. The reversal of the judgment in favor of the Jellico Hardware Company was based on the fact that that company had failed to comply with Kentucky Statutes, section 2492, by filing in the clerk's office in the county a statement in writing that it had undertaken and expected to furnish the materials, etc. Millett v. Swift, et al., and Duffield v. Same, 138 Ky. 408, 128 S. W. 312. On the return of the case, it was adjudged that the Jellico Hardware Company was not entitled to a lien either on the fund in court or the railroad property. No appeal was ever prosecuted from this judgment. In the year 1912, this court in construing its opinion in Millett v. Swift, *supra*, held that it decided only a question of priority, and not the question of the existence of a lien in favor of the Jellico Hardware Company. Grigsby v. Lexington & Eastern Railroad Company, 150 Ky. 557, 150 S. W. 687.

The basis of this suit is that the judgments denying the Jellico Hardware Company a lien on the railroad property was entered because of the erroneous construction given to this court's opinion by the lower court and the parties to the action, and that neither the parties nor their attorneys discovered the mistake of the court until the rendition of the opinion in the case of Grigsby v. Lexington & Eastern Railroad Company, *supra*. It is therefore argued on behalf of appellant that as the judgment sought to be vacated is manifestly unjust, this court has the power under section 518 to award appellant a new trial. While this court will not hesitate to reverse or vacate an unjust judgment, it can only act where the judgment has been appealed from or the unsuccessful party has been improperly refused a new trial in an action brought for that purpose under section 518, Civil Code. Here no appeal from the judgment complained of has ever been prosecuted. The grounds for which a new trial may be granted under section 518, Civil Code, are as follows: (1) Cause prescribed in section 344; (2) proceedings against defendants constructively summoned, as prescribed in chapter

1, title 10; (3) misprisons of the clerk; (4) fraud practiced by the successful party in obtaining the judgment; (5) erroneous proceedings against a person under disability; (6) death of one of the parties before the judgment in the action; (7) unavoidable casualty or misfortune preventing the party from appearing or defending; (8) errors in a judgment shown by an infant within twelve months after arriving at full age, as prescribed by section 391. Here appellant does not rely upon fraud practiced by the successful party in obtaining the judgment, nor does it allege that it was prevented from defending by unavoidable casualty or misfortune. Its sole ground for a new trial is that by mistake of the parties and the trial court, an erroneous judgment was rendered. It is therefore clear that the ground relied on for a new trial is not one of those embraced in section 518, *supra.* On the contrary, it is well settled that the failure of the court to render judgment in conformity with the law is an error which can be remedied only by direct appeal from that judgment and not by the statutory action for a new trial under Civil Code of Practice, section 518. Rogers v. Bradford, 8 Bush 163; Coulson v. Ferree, 82 S. W. 1000. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.