484

## In re HALL–LUTON COAL MINING CO.
### No. 1766.

District Court, W. D. Kentucky.

Oct. 4, 1939.

---

Fox & Gordon, of Madisonville, Ky., for Mrs. Myrtle Brooks.

Clifton J. Waddill, Jr. (of Waddill, Laffoon & Waddill), of Madisonville, Ky., for trustee.

### SWINFORD, District Judge.

The Hall-Luton Coal Mining Company has been adjudged a bankrupt. The claim of Mrs. Myrtle Brooks based on a compensation award by the Workmen's Compensation Board of Kentucky was denied by the Referee as a preferred claim. This award was made by the Compensation Board growing out of the death of Mrs. Brooks' son who was the employee of the Hall-Luton Coal Mining Company.

The question to be determined is whether the entire award of the Workmen's Compensation Board to Mrs. Brooks is entitled to priority over the claims of general creditors.

Section 2487, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, gives a lien on the property or effects of any mine to the employees. Section 2488, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, provides that this lien shall be superior to any other encumbrance, and shall be for the whole amount due such employees for wages coming due within six months before the property or effects were distributed among creditors.

Dealing expressly with mining companies, Kentucky courts have construed these sections of the Statutes. Gugenheim v. Watkins, 167 Ky. 639, 181 S.W. 357; Producers' Coal Company v. Barnaby, 210 Ky. 244, 275 S.W. 625.

Section 4912, Carroll's Kentucky Statutes, Baldwin's 1936 Revision, provides as follows: "All rights of compensation granted by this act shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor."

In a bankruptcy proceeding these Kentucky Statutes must be observed and their provisions respected. The Federal Courts have so held. In re Dearborn Manufacturing Corporation, 2 Cir., 92 F.2d 417, certiorari denied, Klipstein, Trustee v. Davidowicz et al., 303 U.S. 648, 58 S. Ct. 745, 82 L.Ed. 1109.

The record discloses that the award of the Workmen's Compensation Board was made as of June 7, 1938. The Hall-Luton Coal Mining Company was adjudged a bankrupt in August, 1938. Section 63a of the Bankruptcy Act expressly allows as a provable claim an award of an industrial accident commission of any state for injury or death if such injury occurred prior to the adjudication (11 U.S.C.A. § 103(a).

Since the Bankruptcy Act provides for the allowance of the claim and the state statute fixes its priority, I am of the opinion that the whole claim should be allowed as a claim for unpaid wages as provided by Section 2488, Kentucky Statutes.

Orders may be drawn accordingly.