# Leslie's Adm'x et al. v. Branham et al.

Feb. 6, 1942.

Willis Staton for appellants.

W. W. Burchett for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

J. R. Jesse and John Blackburn owned and operated a sawmill outfit at Dock, Floyd County, Kentucky. They contracted with the defendant, F. M. Smith, to cut, haul

and deliver logs to their sawmill for an agreed compensation. In carrying out his contract Smith employed laborers, bought material from one of the appellees (Burl Spurlock, a merchant in the vicinity) and employed teams, wagons, and other necessary equipment for getting out and delivering the logs to the mill. Somewhere near June 1, 1938, Smith became insolvent and was sued in the Floyd circuit court by a number of the appellees for balances due them for wages as laborers employed by him in carrying out his contract, the amounts ranging from $5.41 to $57. He also owed to Spurlock for material furnished and for cash advanced to him, with which to pay his laborers, in the sum of $321.56.

Before any of such indebtedness was created by Smith, and on January 8, 1938, he executed a mortgage on his teams, harness, wagons and "logging equipment and tools" to J. H. Leslie for the purpose of securing an indebtedness to the latter in the sum of $550. On the 14th day of June, 1938, Leslie filed his petition in equity in the Floyd circuit court to obtain judgment for his debt and a sale of the mortgaged property to secure it; but prior thereto the actions in the quarterly court referred to had been filed. On the same day, June 14, 1938, Spurlock filed a petition against Smith in the Floyd circuit court to recover judgment on his indebtedness. All of the parties plaintiff to the various actions referred to procured attachments on the ground of insolvency of the defendant, Smith, and they were levied on the property mortgaged to Leslie. After the latter filed his petition, the other actions—including those pending in the Floyd Quarterly Court—were by proper orders consolidated with Leslie's petition, as was also Spurlock's action. The plaintiffs in each of them asserted a superior right to be paid out of the property mortgaged to Leslie under our "Mechanics and Material Men Lien Statutes," being chapter 79 of our present Statutes. After the consolidation of the various actions referred to with that filed by Leslie in the Floyd circuit court, the plaintiffs in each of them filed what they styled a joint intervening pleading setting up their various claims and their alleged superior rights in and to the property mortgaged to Leslie, and prayed that they be first paid out of the proceeds of that property. Their right to the superior lien they asserted was contested by Leslie—and later by his administratrix (he having died in the meantime)—on various grounds, but we deem it unnecessary to name or refer to any of

them except (1) that none of the claimants had filed the notices as required by Section 2463 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, so as to perfect their alleged superior liens, and (2) that all of the claims relied on as superior to the Leslie mortgage lien accrued to the respective plaintiffs after the property was mortgaged by Smith to Leslie, and for that reason none of the claimants are entitled to superiority over appellants' mortgage lien.

Evidence was taken by depositions, but in the meantime by an agreed order the property attached and mortgaged to Leslie was sold by the sheriff of the county for the price of $450, which, after deducting costs, left a balance insufficient to pay in full the indebtedness of Smith to his laborers and to the alleged materialman, Spurlock. Upon final submission the court adjudged a superior right in each of the plaintiffs in the consolidated actions with the Leslie petition to the proceeds of the sale, and directed the net fund for distribution be prorated among them. From that judgment Leslie's administratrix prosecutes this appeal.

The court in its judgment announced no ground upon which it was based, nor did it point out any statute upon which it was rested, and we will determine together the two grounds urged against the validity of claimant's liens. The pleadings in the various cases failed to draw any distinction with reference to the various liens provided for in chapter 79 of our Statutes supra, which creates and prescribes for various sorts of liens in favor of mechanics, laborers and materialmen, and ground (1) supra seeks to rely on a failure to comply with the provision (Section 2463) giving a lien upon *structures* and *buildings* with the land upon which they are located, and it has no application whatever to the situation involved in this litigation. On the contrary, the applicable sections to the facts of this case are 2487, to and including 2491 of our same Statutes. In the first section referred to (2487) a lien is created upon "the property or effects" of those engaged in various enterprises which are enumerated in the statute, including manufacturing establishments when the owner of the property becomes insolvent and it is assigned for the benefit of creditors, or when it "shall come into the hands of any executor, administrator, commissioner, receiver of a court, trustee * * * or shall in any wise come to be distributed

among creditors, whether by operation of law or by the act of such company, owner or operator in such business.''

In the next section (2488) it is prescribed that the lien created by Section 2487 in favor of *employees* and *laborers* ''shall be superior to the lien of any mortgage or other incumbrance theretofore or thereafter created;'' but it does not give superiority to the claim of a materialman over that of a prior mortgagee of the property, as is done in favor of laborers or employes of the owner of the property, and their superior rights over a prior mortgagee is confined to wages ''coming due to employees within six months before the property or effects shall in anywise come to be distributed among creditors.'' We held in the case of Bogard v. Tyler's Adm'r, 55 S. W. 709, 21 Ky. Law Rep. 1452, and others following it, that the business in which Smith was engaged was that of a manufacturer and came within the provisions of Section 2487 of our Statutes, and in the cases of Gugenheim v. Watkins, 167 Ky. 639, 181 S. W. 357; Producers' Coal Company v. Barnaby, 210 Ky. 244, 275 S. W. 625; Turner v. Randolph, 213 Ky. 55, 280 S. W. 462; Freeman v. Craft, 220 Ky. 15, 294 S. W. 822, we held that the situation and condition developed by this record brought the property of the owner and debtor within the purview of the statute, in that it had ''come to be distributed among creditors'' within the intent of the statute creating the lien. The Gugenheim opinion is also authority for our statement, supra, that claimants of liens under Section 2487 of our Statutes are relieved of filing the notices required in any other section therein, including Section 2463, and that such liens may be enforced by those to whom the statute gives them, whensoever the property or funds ''come to be distributed among creditors.'' The wages for which the labor liens herein are asserted became due to the employes within six months prior to the time when the property came to be distributed under the statute, and they proceeded to enforce their liens within sixty days thereafter. So that, the court correctly adjudged all of the labor claims superior to the lien of the Leslie mortgage, but since Spurlock performed no labor and asserted his claim only as the furnisher of material to Smith, his claim under the provisions of Section 2488, supra, does not take precedence over Leslie's prior mortgege of the property by Smith, the proceeds of which constitute the fund to be distributed. The court, therefore,

erred in adjudging him a lien for his claim superior to that of Leslie's estate, since the mortgage lien in favor of that estate, being prior in time, has preference over the claim of a materialman whom the statute does not prefer as against a prior mortgage as it does in favor of a wage earner.

Wherefore, the judgment is reversed as to Spurlock; but it is affirmed as to the employes, with directions to enter judgment as herein determined.