JUDGE HINES
delivered the opinion of the court.
Appellant,'a housekeeper with a family, purchased a tract of land, and, while in possession under a title-bond, executed a mortgage to appellee, in which the wife did not join, for $391, $150 of which he paid to the vendor in part discharge of his lien for purchase-money. Subsequently appellant made other payments on the land until they amounted in all to about $1,000. Before the vendor had made a deed to appellant, appellee brought suit to subject the land embraced in the mortgage to the payment of his debt. The court decreed a sale, refusing to allow a homestead, and from that decree this appeal is taken.
In section 9, article 13, chapter 38 of the General Statutes, it is provided that in addition to the personal property exempt from execution there shall, on debts created since the 1st day of June, 1866, “be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase-money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value $1,000.”
The 13th section of the same ,article provides that “No mortgage, release, or waiver of such exemption shall be valid, unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate.”
The 16th section says that the exemption “ shall not apply to sales under execution, attachment, or judgment at the suit of creditors, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon.”
The court below must have subjected the land upon the idea that appellant’s liability existed prior to the purchase of the land, and that a contract of sale, evidenced by title-bond, *573 did not amount to a purchase within the meaning of the statute until completed by conveyance/ Or the decree may have been placed upon the grounds that the money for which the note was executed was applied to discharging the lien for purchase-money, and that appellee was entitled to be substituted to the rights of the vendor. As the wife did not join in the mortgage it is manifest that the judgment of the court below is erroneous, unless it can be supported on the grounds mentioned, and this we think can not properly be done.
The word “ purchase,” in the 16th section, is to be taken as used in its ordinarily accepted meaning, and when so applied it can not be said that the legislature intended to restrict it to the act of conveying the legal title and to provide that a homestead could be acquired in no other than a legal estate. The occupation of the improved premises, under the contract of purchase, was the acquisition of a homestead-right, as against subsequent creditors. . Such occupancy is notice of the claim to the homestead, and those who deal with the claimant after that time do not do so on the faith of his being the owner of the land. A case where the owner of real estate, unimproved, etc., not occupied as a home, contracts debts, and then takes possession of the land and occupies it, claiming a homestead, would be within the spirit of the statute. He would not be allowed to thus withdraw, from the reach of his creditors, property, on the faith of which, the law presumes credit was obtained.
We do not think that the fact that the money borrowed by appellant of appellee, or a portion of it, was applied by appellant in payment for his land will support the judgment of the court below. There was no agreement that appelle,e should be substituted to the lien of the vendor, nor that he might in any way look to the land as a security for payment. The loan appears to have been made solely upon the personal security *574 of appellant. In such a case there can be no subrogation of the lender to the rights of the borrower’s vendor.
Wherefore the judgment is reversed, and cause remanded with directions for further proceedings consistent with this opinion.