ENOCH HARROD, ET AL. *v.* SAMUEL JOHNSON, ET AL.

[Abstact Kentucky Law Reporter, Vol. 5—247.]

**Homestead Exemption.**
　　No land is exempt as a homestead from the payment of the pur-
chase-money due therefor.

**Waiver of Purchase-Money Lien.**
　　Where one is in debt for the purchase-money for land and a
friend advances the money to pay the debt and takes a mortgage
on the land, in which the wife of the owner does not join, the holder
of such mortgage has a purchase-money lien on such land superior
to the homestead claim of the wife, where it is shown that it was
not the intention of the owner or the mortgagee by taking the
mortgage to waive the lien growing out of the payment of the pur-
chase-money.

APPEAL FROM FRANKLIN CIRCUIT COURT.

September 29, 1883.

OPINION BY JUDGE HARGIS:

Harrod owed purchase-money on land and got Duncan to pay it
for him. When Duncan did so he took up Harrod's note which
was outstanding for the purchase-money, and afterwards delivered
it to him. Harrod executed a mortgage, in which his wife did not
join, to Duncan to secure him in the payment of the sum he had so
paid for Harrod. Duncan, by suit, foreclosed his mortgage and had
the land sold under decree, which recited the fact that he had paid
the purchase-money for Harrod to the extent of $284.60 secured by
the mortgage. Mrs. Harrod was not a party to the action foreclosing
the mortgage.

She and her husband brought this suit claiming homestead in the
land because it is worth less than $1,000 and she did not sign the
mortgage, and they were bona-fide housekeepers with a family at the
time possession was taken from them under the decree named. It
is contended that the plea of res adjudicata is good against the wife,
but we do not think so, because she was neither party nor privy to
the suit in which the homestead was sold; and her right to assert, in
conjunction with her husband, her claim to a homestead in the land
is not barred nor affected by that suit. *Wing v. Hayden,* 10 Bush

(Ky.) 276. The consequence is that, if she and he have a homestead in the land by reason of her rights under the statute, the decree as to her is a nullity, and the homestead right may be asserted, but it is subject to such exceptions as the statute provides.

No land is exempt as a homestead for the payment of the purchase-money due therefor. In this instance the wife, being the owner of the homestead with her husband, has the right to have the land sold again to pay the purchase-money which Duncan paid for her husband, as it may bring enough to do so and have something with which to buy a less pretentious home.

It is clear from the evidence that Duncan actually paid the purchase-money for Harrod to his creditor. Although he took a mortgage upon the same land to secure the payment of the sum thus paid for Harrod, the value of the land being less than $1,000, the taking up of Harrod's purchase-money note by Duncan, and the failure of Harrod to deny in the former suit, although it was alleged, that the money advanced was to be invested in the land and that it was so invested, proved that the intention of both Duncan and Harrod was not to waive the lien growing out of the payment of the purchase-money. The mortgage was evidently an additional safeguard for securing the lien which both parties seemed to recognize throughout, and which in equity and good conscience exists in this case to the extent of the $284.60, subject to a credit of $50 paid thereon.

This case differs materially from the case of *Griffin v. Proctor's Admr.,* 14 Bush (Ky.) 571. In that case the money was borrowed by and delivered to the homestead claimant, and afterwards applied by him in payment for his land. It does not appear that all of the money borrowed was so applied. There was nothing to show that the lender "might in any way look to the land as a security for payment." In the present case the money was never delivered to the homestead claimant, but it was paid by the lender directly to the holder of the note on Harrod for the purchase-money. It is scarcely reasonable that Duncan under the circumstances intended to abandon his perfect lien against which the homestead plea was unavailing, and accept in lieu thereof a mortgage of the husband which would take from him half of his security by rendering the homestead plea availing. We are of the opinion that this case falls within the spirit and scope of the cases of *Bradley v. Curtis,* 79 Ky. 327, 1 Ky. L. 329, and *Denny v. McAtee's Admr.,* 11 Ky. Opin. 194, 3 Ky. L. 36.

In the first of these cases the doctrine of waiver by reason of taking additional security, as approved by this court and to be found in the best text writers, is, as we think, correctly laid down. The case of *Young v. Wood*, 11 B. Mon. (Ky.) 123, was properly decided on the facts of that case. And all that is said in the case may be readily harmonized with the case of *Bradley v. Curtis*, the difference in the facts of the two cases, with the arguments of the writers separated therefrom, being steadily kept in view.

The rents which were voluntarily paid by Harrod and wife to Duncan, and the rents which accrued while they were voluntarily out of possession, can not be recovered by them in this action. The most that can be done, is to allow an equitable set-off in their favor to the extent of the interest which has accrued upon the sum due Duncan while he and his vendees have held possession of the land.

Wherefore the judgment is *reversed* and cause remanded with directions to decree a sale of the homestead, or so much thereof, if divisible, as will pay Duncan's administrator the purchase-money as indicated, and to allow Mr. and Mrs. Harrod the remainder of the land, if any, as a homestead, or if indivisible the whole will be sold and the excess, after paying Duncan's debt, paid over to them with which to buy another homestead.

*Fran Chinn, for appellants.*

*John L. Scott, J. & J. W. Rodman, for appellees.*

[Cited, *Ogden v. Totten*, 17 Ky. L. 1390, 34 S. W. 1081; *Hensley v. Webb*, 31 Ky. L. 87, 101 S. W. 375; *Lane v. Lloyd*, 33 Ky. L. 570, 110 S. W. 401.]