Engaard v. Schmidt.

---

PETER C. ENGAARD, APPELLANT, v. CHARLES P. SCHMIDT, APPELLEE.

FILED MARCH 27, 1919. No. 20402.

Homestead: LOAN: LIEN. Where a married man borrowed money and at the time informed the lender that he intended to use a part or all of it to pay for a homestead previously purchased and conveyed, and the money is actually so used, such fact is not sufficient, when standing alone, to entitle the lender to a lien for the purchase price.

APPEAL from the district court for Kearney county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

Neb. 103.—24.

*M. D. King,* for appellant.

*J. L. McPheely, contra.*

Dean, J.

This is an action to foreclose a real estate mortgage on three town lots in Minden. Defendant is a married man. His wife did not join in the execution of the mortgage. The court granted a decree as to lot 1, because it was not a part of defendant's homestead. From that part of the decree denying relief as to lots 2 and 3 on the ground that such lots with their appurtenances constitute defendant's homestead, plaintiff appealed.

The homestead was of less value than $2,000. The two lots in question here were apparently bought by defendant and deeds delivered in March and July, 1905. He borrowed money from plaintiff, a part whereof, namely $80, he paid to the vendor for the lots in February and September, 1906. The note and mortgage sued on bear date of November 17, 1906, and are in the principal sum of $200.

There is an entire absence of proof of an agreement or understanding between the parties that plaintiff would use the money to pay for the lots. So far as the record discloses, defendant was at liberty to use the money for any purpose that he chose. It was shown that he did apply some of the money to other purposes. The transaction appears to have been only a general loan. In such case the weight of authority seems to be that in the absence of agreement the lender does not stand in the place of the vendor so as to be entitled to a vendor's lien on the homestead of the borrower. 13 R. C. L. 604, sec. 67. The fact that a married man borrowed money and told the lender at the time that he intended to use the money, or a part of it, to pay for a homestead previously purchased, and the money is actually used for that purpose, is not sufficient, when standing alone, to entitle

the lender to a lien for the purchase price. In the present case the parties did not stand in the relation of vendor and purchaser, nor was a vendor's or other lien created. The debt was created and conveyances delivered long before the loan was made. Plaintiff did not pay the debt at the instance of the debtor, but merely loaned money directly to him without agreement respecting the use to which it was to be applied. *Rodman v. Sanders,* 44 Ark. 504; *Griffin v. Proctor's Adm'r,* 14 Bush (Ky.) 571; *Carey v. Boyle,* 53 Wis. 574, 581.

Plaintiff not having acquired a vendor's lien upon defendant's premises, and defendant's wife not having joined in the execution of the mortgage upon the homestead, the property herein claimed as a homestead is not therefore subject to execution or forced sale in satisfaction of plaintiff's judgment. Rev. St. 1913, sec. 3078.

We do not find reversible error. The judgment is therefore in all things

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.