## Bolling, et al. v. Pikeville National Bank.

(Decided March 2, 1926.)

### Appeal from Pike Circuit Court.

1. Liens—Lender Held Not to Acquire Lien on Realty of Borrower Purchased with Money Loaned.—A bank loaning money on personal note, secured by an accepted order on a third party, does not acquire lien on realty of borrower purchased with money loaned.

2. Attachment—Valid Attachment on Property of Debtor Requires Order of Attachment to be Levied on Some Part of Debtor's Property.—A valid attachment on property of debtor requires attachment to be sued out in regular way, and that order of attachment be levied on property, or upon some part of it, and only that part duly levied upon will be subject to attachment.

3. Attachment—Acquirement of Lien by Virtue of Attachment Requires Valid Levy on Debtor's Property.—For creditor to acquire lien by virtue of attachment there must be an actual and valid levy on debtor's property, not merely issuance of writ of attachment or placing same in hands of officer.

4. Attachment—Order of Attachment and Return of Levy Essential to Lien by Virtue Thereof.—In absence of order of attachment and return showing levy of attachment, creditor cannot acquire lien on debtor's property by virtue of attachment.

5. Appeal and Error—Record Showing no Attachment or Levy Held to Negative Judgment Reciting Attachment and Levy.—Recital in judgment of trial court that attachment was sued out and levy made is negatived by record showing no attachment or levy; and no lien by virtue of attachment can be acquired by creditor on debtor's property.

6. Continuance—Refusal Held Abuse of Discretion.—Trial court held to have abused its discretion in refusing defendant's application for continuance to enable him to take depositions in support of cross-action.

JOHN D. CARROLL for appellants.

J. J. MOORE and STRATTON & STEPHENSON for appellee.

Opinion of the Court by Commissioner Sandidge—
Affirming in part and reversing in part.

Appellee, Pikeville National Bank, instituted this
suit in the Pike circuit court on thirteen separate notes
against appellant, J. M. Bolling and wife, Daisy O. Boll-
ing, and as an incident to the action sued out a general
order of attachment against the property of appellants,
and in the same action asserted a lien upon the residence
of appellants located in Pikeville, to secure note number
13, for $3,400.00. With respect to the $3,400.00 the bank
alleged that the money ''went into the purchase of the
house and lot where defendants resided; that more than
$1,600.00 on the other items set out herein went into the
property where said defendants resided; that said money
was borrowed from the Pikeville National Bank and was
for the purpose of purchase, rebuilding and making bet-
terments to said house and lot. . . . Plaintiffs state
that by reason of its advancing and loaning the money
to the defendants that paid for said property and paid
for said betterments, it has a lien, equal to a vendor's
lien on said house and lot to secure the payment of said
five thousand dollars, with interest.'' The $3,400.00 note
reads as follows:

''No. 13.   $3,400.00.    Pikeville, Ky., 9-9-1918
''Four months after date, I promise to pay to
the order of the Pikeville National Bank, thirty-four
hundred dollars; presentment, demand, protest and
notice thereof are hereby waived by all the parties
to this note. Value received. Negotiable and pay-
able at the Pikeville National Bank, Pikeville, Ken-
tucky.
''Renewal. Order on Fon Rogers, pledged as
collateral. No. 25980. Due 1-9.
J. M. Bolling.''

In the prayer of the petition is this clause:

''It be adjudged a lien equal to that of a ven-
dor's lien, on the house and lot set out herein, to se-
cure it in the payment of the $5,000.00 advanced to
and loaned defendants which sum paid for the house
and lot and the betterments, . . . prays for gen-
eral order of attachment and that the property of the
defendants or a sufficiency thereof be attached and
held to secure the payment of the plaintiff's debt.''

After proof was taken and cause submitted this judgment was entered:

"The plaintiff, Pikeville National Bank, is entitled to judgment against the defendants, Daisy O. Bolling, J. M. Bolling and P. W. Day, for the sum of $550.00, with six per cent thereon from the first day of September, 1918, until paid. And it is, therefore, ordered and adjudged by the court that the said plaintiff, Pikeville National Bank, recover of the defendants, J. M. Bolling, Daisy O. Bolling and P. W. Day, the sum of $550.00, with six per cent interest thereon from the first of September, 1918, until paid. The court is further of opinion that plaintiff, Pikeville National Bank, is entitled to a judgment on the note for $3,400.00, described in the petition, with six per cent interest from the 9th of January, 1919, until paid, subject to a credit of $25.54, paid June 5, 1919; and it is further ordered and adjudged by the court that the plaintiff, Pikeville National Bank, recover of the defendant, J. M. Bolling, the sum of $3,400.00, with six per cent interest thereon from the 9th day of January, 1919, until paid; subject to a credit of $25.54 paid June 5th, 1919.

"And it further appearing to the court that the plaintiff at the beginning of this action obtained an attachment which was levied upon the hereinafter described property and *lis pendens* notice was duly filed in the county court clerk's office; and,

"It further appearing to the court that the proceeds arising from said note was used in purchasing the said property and improving the same, and it is, therefore, adjudged by the court that the plaintiff, Pikeville National Bank, is entitled to a lien upon said property to secure the payment of the said $3,-400.00, together with interest thereon, and cost. The said tract of land is described as follows:" (Here follows the description of property and order of sale.)

Appellee bank did not claim that it had any contract with appellants whereby it was to have a lien upon their residence located in Pikeville and described in the petition and judgment, but bases its claim to a lien on the property upon the mere ground that it loaned the money to appellants and appellants invested the money in the home. The loan was made by the bank to Bolling upon

a personal note and that note was secured by an accepted order on Fon Rogers, who it appears was at that time indebted to appellant, J. M. Bolling, in the sum of several thousand dollars. No principle is better settled than that a lender of money on personal surety, which money is by the borrower used in purchasing lands, gives the lender no lien upon the land to secure the money. One of the earliest cases on this subject from this court to which our attention has been called is Cecil v. Aud, 7 R. 298, where it was held that one who loans money to another to be used and which is used in purchasing land does not thereby acquire any lien upon the land so purchased. This rule was reaffirmed in Flanery v. Utley, 9 R. 581, and in Reed v. Jackson, 6 R. 743.

In the course of a discussion of the question of whether a lender of money on personal surety, the money being used by the borrower to purchase land, the lender thereby obtained a lien on the land to secure the loan, we, in reversing the judgment in the case of Griffin v. Proctor's Admr., 14 Bush 571, said:

"We do not think that the fact that the money borrowed by appellant of appellee, or a portion of it, was applied by appellant in payment for his land, will support the judgment of the court below. There was no agreement that appellee should be substituted to the lien of the vendor, nor that he might in any way look to the land as a security for payment. The loan appears to have been made solely upon the personal security of appellant. In such a case there can be no subrogation of the lender to the rights of the borrower's vendor." See also 17 R. C. L. 605.

From this it clearly appears that the trial court erred to the prejudice of appellants in awarding appellee bank a lien upon appellants' residence property in Pikeville to secure the bank's debt, on the theory that the property having been purchased with money borrowed from the bank was subject to the bank's lien.

Appellant bank in effect admits that this part of the judgment was erroneous, but it insists that the lien in favor of the bank was rested upon the general order of attachment sued out at the commencement of the action. We have carefully examined the record to learn whether a general order of attachment was actually sued out and levied upon the property of appellants. As grounds for

an attachment the petition averred that "the defendants, Daisy O. and J. M. Bolling, have no property in this state subject to execution and not enough thereof to satisfy plaintiff's demands, and that the collection of the demands sued on would be endangered by delay in obtaining a judgment and a return of no property found. It says that a general order of attachment is necessary to protect its interest, to secure it against loss by reason of the foregoing indebtedness." There is a prayer for a general order of attachment against the property of the defendant. On the back of the petition below where it is endorsed filed we find the following indorsements:

| "Summons and two copies | 70c |
| Sheriff's return | 15c |
| Attachment and 3 copies | 90c |
| Sheriff's return | 15c" |

No return of the sheriff on the attachment is found in the record and no order of attachment is made a part of the record. If the attachment was in fact issued, it does not appear anywhere in the record, and if it were levied there is no evidence to support it.

In order to have a valid attachment against the property of appellants it is necessary for an attachment to be sued out in the regular way, and that the order of attachment be levied upon the property of the debtor, or upon some part of it, and only that part which was duly levied upon will be subject to the attachment.

In order that a creditor may acquire a lien by virtue of his attachment, it is not alone sufficient that a writ of attachment has been regularly issued by a competent authority, or even placed in the hands of an officer, but there must be an actual and valid levy upon the property of the debtor, and, until such levy has been made, the attachment creditor has no right in his debtor's property. 6 C. J., page 213.

There must be a return of the attachment showing how and when executed and upon what property. In 6 C. J., page 246, it is said:

"The return is a necessary part of the proceeding, for by it alone the court is advised of the levy and its sufficiency, by which, in case there is no personal service of defendant, jurisdiction is acquired, and without which the court cannot proceed to the final adjudication of the cause."

The clerk certified the record as complete. The schedule filed by appellants directs the clerk to copy the entire record, together with all the checks, exhibits, contracts, affidavits and orders and everything referred to in the pleadings, proof and affidavits, in this case to be used in the trial of this case in the Court of Appeals of Kentucky, but no order of attachment or return showing levy of attachment is found in the record. If it be insisted that the judgment of the trial court recites that an attachment was sued out at the commencement of the action and levied upon the property described in the judgment, it will be sufficient to say that where the complete record is presented to this court and it negatives the recitation of the judgment concerning the attachment, and establishes that no attachment was in fact sued out and levied upon the property of the debtor, the recitation in the judgment is overcome and the fact established that no attachment was actually sued out and levied upon the property of the debtor. The trial court, therefore, erred to the prejudice of appellants in sustaining the attachment and adjudging a lien on the property of appellants by reason of the attachment and directing a sale of appellant's property under the attachment lien as well as under asserted lien of the bank as a lender of the money with which the property was purchased.

Appellants also insist with much reason that they were not afforded a fair opportunity to prepare their cause on cross-petition against Fon Rogers, and complain that the court dismissed their cross-petition. The case had been pending in the Pike circuit court for some months but had not been prepared by the taking of proof by either the plaintiff or defendant. The regular judge was disqualified and the case had been certified to the governor for special judge. The special judge arrived about August 20, 1923. Several cases had been certified to him, including the one now under consideration. On the 20th of August, 1923, the plaintiff, Pikeville National Bank, by attorney, gave notice to appellants that it would, at seven o'clock that evening, at the office of its lawyers in Pikeville proceed to take the deposition of witnesses to be read as evidence upon its behalf on the trial of this cause and would continue from day to day until the taking was completed. This notice bears the following date: "Given under our hand, this the 20th of August, 1923, 4 o'clock, p. m." It also bears the following ac-

ceptance: "I accept service of this notice and J. J. Moore agrees to accept service for me to take deposition in this case so as not to delay the trial of same. J. M. Bolling, J. J. Moore."

After the plaintiff bank had taken one or more depositions, pursuant to the foregoing notice, in support of the averments of its petition it caused the same to be filed and made a part of the record in this case, and the following morning moved the court to submit the case, and both appellants objected to the submission and moved for a continuance of the case or at least for time in which to prepare the case, and in support of this motion filed an affidavit showing the facts. The motion was overruled by the court and the cause submitted. The court should not under the facts and circumstances presented by the affidavit of Bolling have submitted the case for judgment and should have given appellants a reasonable time in which to take and file their depositions. In overruling the motion of appellants for time in which to prepare their side of the case the trial court abused a sound discretion. This necessitates a reversal of this branch of the case also. On a return of the case to the lower court the parties to the cross-petition will be allowed a reasonable time in which to take and file their depositions. The court will then hear and determine the several controversies between appellee, Fon Rogers, and appellants upon their merit in conformity to this opinion.

Judgment reversed in all respects and upon all questions except as to the personal judgment in favor of the bank against Bollings, the appellants, but in this respect it is affirmed.