## Rogers Bros. v. Bolling, et ux.

(Decided January 13, 1928.)

### Appeal from Pike Circuit Court.

1. Judgment.—Defendant, who made error in asserting balance due him in counterclaim and cross-action, in that amount stated was too small, must correct such error by amending cross-action, rather than by stating larger amount in reply, and judgment based on reply correcting amount cannot stand.

2. Pleading.—Where defendant makes error in stating amount due in counterclaim and cross-action, in that amount stated is too small, and afterwards corrects error by amending cross-action, opposing party is entitled to have reasonable opportunity to take proof on changed issue.

ROSCOE VANOVER and WOODWARD, WARFIELD & HOBSON for appellants.

J. M. BOLLING in pro. per.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Fon Rogers and Rogers Bros. Coal Company are asking for the reversal of a judgment for $4,650.91, with interest from January 1, 1918, recovered against Fon

Rogers by J. M. Bolling, which sum was adjudged to be a lien upon property now owned by Rogers Bros. Coal Company; hence its interest in this appeal. They have prosecuted this appeal against both J. M. Bolling and Daisy O. Bolling, but as Daisy O. Bolling made no recovery against Rogers, this appeal is now dismissed as to her, and she will recover of appellants her costs herein expended.

In 1908 J. M. Bolling purchased 430.1 acres of coal land, which he sold to Fon Rogers and P. W. Day on March 17, 1917, for $23,655.50. Rogers bought out Day, and the property which he bought from Bolling, Rogers has conveyed to Rogers Bros. Coal Company.

Bolling was indebted to the Pikeville National Bank and to secure that indebtedness, he had given some orders on Fon Rogers, directing him to pay this debt out of the proceeds of the sale of this property, and on April 14, 1919, the Pikeville National Bank instituted suit against Bolling and his wife to recover on this indebtedness. That suit reached this court, and may be found in Bolling v. Pikeville Nat. Bank, 213 Ky. 317, 280 S. W. 1090. In that suit, on May 24, 1919, the Bollings filed a paper styled, ''Answer, Counterclaim, and Crossaction,'' in which they stated the account between them and Rogers to be this:

| | |
|---|---:|
| Cash paid in 1917 | $15.696.80 |
| Bank debts paid for Bolling | 2,774.46 |
| Bank debts to be paid | 3,400.00 |
| Attorney's fee paid Childres | 200.00 |
| Balance | 1,584.24 |
| Total | $23,655.50 |

In their pleading they made a mistake of 60 cents and stated this balance to be $1,584.84. They asked that Rogers be made a party to the litigation; that summons be awarded against him; and that this property be sold to satisfy this $1,584.84. Rogers was not brought before the court on this cross-action by service of process, but on August 22, 1923, he entered his appearance, and by agreement, the affirmative allegations of this cross-action were taken as controverted. The issue between the Bollings and the bank was prepared and tried. The issue between the Bollings and Rogers remained in abeyance. On June 2, 1926, Rogers and the Rogers Bros. Coal Company filed an answer to this cross-action, in which they admitted the purchase of this property at the price of

$23,655.50, but denied there was a balance of $1,584.84, or any other sum due Bolling, and alleged that all of that purchase money had been fully paid. Subsequently, that day, as appears from the next page in the order book, Bolling and wife filed a paper styled, "Joint and Separate Reply of J. M. Bolling and Daisy O. Bolling," in which they alleged that the balance due on this original purchase price was $4,650.91, for which sum they sought a judgment against Rogers and asserted a lien on this property which they asked to be sold in satisfaction thereof. By agreement, the affirmative allegations of this reply were taken as controverted. This reply makes no reference to the $1,584.84 claim asserted in the cross-action. The increase in the balance claimed Bolling arrives at by withdrawing certain credits he had allowed Rogers in the cross-action, thereby changing the issue. The account between Bolling and Rogers is thus stated in this reply:

| | |
|---|---:|
| Cash paid in 1917 | $15,696.80 |
| Bank debts paid for Bolling | 2,774.46 |
| Attorney's fee paid Moore for Bolling | 333.33 |
| Attorney's fee paid Childres for Bolling | 200.00 |
| Balance | 4,650.91 |
| Total | $23,655.50 |

Comparing these statements, we find that in the latter statement Bolling has withdrawn a credit of $3,400 given Rogers in the first one, and given him credit for $333.33 omitted from the first one, thus increasing the balance alleged to be due $3,066.67, which, added to the balance of $1,584.24 asserted in the cross-action, makes the $4,650.91 asserted in the reply. The orders show that Rogers objected to the submission of the cause for judgment, but his objections were overruled, it was submitted, and resulted in a judgment for $4,650.91 in favor of Bolling. This was erroneous. If Bolling was mistaken in asserting the balance due him was $1,584.84, when in truth the balance was $4,650.91, then he should have said so by amending his cross-action. No preparation of this case was had after this reply was filed, but the case was immediately submitted over objection of appellants, without one line of proof taken upon the changed issue between the parties. Appellants should have had reasonable opportunity to take proof. This judgment, based, as it is, upon a claim asserted in a reply, cannot be sustained, and moreover, if it had

been properly asserted, it made a material change in the issue, and as the appellants controverted it, they were entitled to a reasonable opportunity to take proof to meet it.

The judgment is reversed.