### Glass v. Alcorn; Circuit Judge.

(Decided April 24, 1934.)

JOHN S. DEERING, for plaintiff.
LEWIS L. WALKER, for defendant.

OPINION BY JUDGE CLAY—Denying writ of prohibition.

Holman Glass brought this suit for a writ of prohibition, prohibiting K. S. Alcorn, judge of the Garrard circuit court, from enforcing a rule against plaintiff. The right to the writ is challenged by demurrer.

Briefly stated the facts relied on are: W. P. Watts brought suit in the Garrard circuit court to recover on two contracts for the purchase of hempseed. One contract was signed by H. C. Glass & Son, Agent, and the other by H. C. Glass & Son, Agent, W. F. Corporation, Limited. The parties defendant were H. C. Glass and his son, Charlie Glass, and H. W. Bellrose, W. F. Carpenter, and ——— Auerbach. The petition proceeded on the theory that H. C. Glass & Son were either partners with Bellrose, Carpenter, and Auerbach, or their agents, and had not disclosed their principals. An attachment was issued and levied on about 800 bags of hempseed in possession of H. C. Glass & Son, and a copy of the order was delivered to them. Glass & Son interposed a demurrer to the petition, which was sustained. They also filed an answer stating that they were acting as agent for the World Fiber Corporation. About three years later Watts filed an amended petition asking that the name W. F. Carpenter be withdrawn, and that the W. F. Corporation be made a party de-

·fendant. The W.·F. Corporation was proceeded against as a nonresident.

In the original petition, Bellrose, Carpenter. and 'Auerbach were proceeded againt as nonresidents, and ·a warning order was issued for them. Bellrose filed an answer stating that he was the agent of the World Fiber Corporation of Toronto, Canada. Auerbach answered, .and stated that he was the attorney for the corporation. Both he and Bellrose disclaimed any interest in the hempseed. In his answer, Glass stated that Bellrose, Carpenter, and Auerbach had no property of any kind in his possession, and that he owed them nothing. No ground of attachment was alleged against the World Fiber Corporation, and no attachment was issued against its property. However, a bond was executed to the corporation.

After hearing evidence, the court entered an order sustaining the attachment and awarding Watts a lien on the 800 bags of hempseed stored in the warehouse of Glass & Son to secure the payment of $2,817, subject to a credit of $1,252, with interest from January 2, 1930, until paid, and directing the sheriff to sell the hempseed. The petition, in· so far as it sought a personal judgment against H. C. Glass & Son, was dismissed. To this ruling Watts objected and excepted, and prayed and was granted an appeal to this court. To that portion of the judgment decreeing a sale of the attached property, H. C. Glass & Son objected and excepted and prayed and were granted an appeal.

Thereafter a rule was issued against Glass & Son to show cause why they should not be prosecuted for contempt in failing to turn over to the former sheriff of Garrard county the 800 bags of hempseed attached in their hands. Glass & Son responded that they had been dismissed, and that the court had no further jurisdiction over them, and that the farmers who contracted to sell the hempseed to the World Fiber Corporation came and took the seed away when they were not paid for. They further responded that the judgment was void, and of no effect. After hearing evidence in open court the court adjudged the response insufficient, and entered an order directing Glass & Son to produce and turn over to the sheriff the 800 bags of hempseed, less 156 bags already taken by the sheriff, or, in the event of their failure to produce the hempseed, to pay into court

a sum sufficient to pay the debt, interest, and costs after giving credit for the 156 bags in the hands of the sheriff at $3 a bag.

The petition further charges that the judge of the Garrard circuit court, unless prohibited, will proceed to commit plaintiff to jail, to his great and irreparable damage, and that he has no adequate or any remedy at law. By an amendment it is made to appear that plaintiff made a motion to set aside the judgment, but the judge has refused to hear the motion.

The judgment sustaining the attachment and ordering the sale of the hempseed was rendered by defendant's predecessor in office under the following circumstances. As originally brought, the only parties defendant were Glass & Son, H. W. Bellrose, W. F. Carpenter, and ———— Auerbach. It was sought to hold Glass & Son liable as partners, or as agents of undisclosed principals, but this theory was rejected, and the petition as to them was dismissed. The hempseed was attached as the property of H. W. Bellrose, W. F. Carpenter, and ———— Auerbach. It is conceded that there is no such person as W. F. Carpenter, and that by mistake the name "W. F. Carpenter" was used in place of W. F. Corporation (World Fiber Corporation). If the court had adjudged that Bellrose and Auerbach owned or had an interest in the hempseed, a different question would be presented. As a matter of fact, however, the court required a bond to be executed to the World Fiber Corporation and sustained the attachment on the hempseed as the property of that company. Although it was alleged in an amended petition that that company was claiming an interest in the hempseed, and the company was proceeded against as a nonresident, no attachment was sought or levied on the hempseed as the property of that company. The rule is that, in the absence of a contract or statutory lien, the only mode by which the court may acquire jurisdiction over the property of a nonresident defendant on constructive service is by attachment, and, in order to acquire a lien by attachment, the provisions of the Code must be complied with, and there must be an actual levy on the debtor's property. Grigsby v. Barr, 14 Bush, 330; Bolling v. Pikeville National Bank, 213 Ky. 317, 280 S. W. 1090. As Watts did not have a contract or statutory lien on the hempseed, and no attachment was sought or levied on the seed as the property of the World Fiber Corporation, it follows

that the judgment sustaining the attachment and ordering a sale of the hempseed is void. Brownfield v. Dyer, 7 Bush, 505. Therefore, we have the following situation. The defendant, as judge of the Garrard circuit court, is about to enforce the judgment by requiring Glass to produce the hempseed, pay the debt, or be punished for contempt. As Glass is before the court, and the court has jurisdiction to enforce the judgment by appropriate proceedings, it is at once apparent that whatever action the court may take will be merely erroneous and not void. It is true that this court will sometimes prohibit a judge from proceeding erroneously within his jurisdiction, but this power is exercised only in rare cases, and never unless great and irreparable injury will result, and there is no adequate remedy by appeal or otherwise. Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475; Duffin v. Field, 208 Ky. 543, 271 S. W. 596; Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672. Whether, on motion or appeal therefrom, Glass may have the judgment sustaining the attachment and ordering a sale of the property set aside or reversed, we need not decide. It is clear that he may attack the judgment as void whenever it is sought to be enforced against him, and not only may he appeal from the order requiring him to produce or pay, but, the case being one of civil and not criminal contempt, he may also appeal from a judgment remanding him to jail or inflicting other punishment for disobedience of any order that the court may enter. Adams v. Gardner, 176 Ky. 252, 195 S. W. 412; Union Light, Heat & Power Co. v. Mulligan, 177 Ky. 662, 197 S. W. 1081; Nienaber v. Tarvin, 104 Ky. 149, 46 S. W. 513, 20 Ky. Law Rep. 451; City of Newport v. Newport Light Co., 92 Ky. 445, 17 S. W. 435, 13 Ky. Law Rep. 532. It being apparent that plaintiff has an adequate remedy by appeal, he is not entitled to a writ of prohibition.

Wherefore, the application for a writ of prohibition is denied, and the petition is dismissed.