## Lankford v. Sunshine Mining Co. et al.

May 10, 1940.

George R. Pope and R. L. Pope for appellant.
E. L. Morgan and E. H. Johnson for appellee Sunshine Mining Co.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The above styled case is a companion to ten cases consolidated below and heard and decided together in this court on April 19, 1940, under the style of Southern Coal Co. v. Martin's Fork Coal Company et al. 286 Ky. 679, 151 S. W. (2d) 394. The instant case was consolidated below, but for some undisclosed reason was not heard with the appeals and cross appeals above mentioned.

We refer the reader to our opinion in the above named appeal for general facts, and conclusions of law reached by the court, with expression of opinion that the facts and conclusions herein will not materially differ.

The appellant here was a merchant, conducting his business in the vicinity of the Sunshine Mining Company, a part of the system of the Southern Mining Company. In the operation of its mines, appellee would issue scrip to its miners in lieu of cash in the interim between regular pay days. This scrip the miners would exchange for merchandise, dollar for dollar, and by agreement between appellant and appellee, the latter was to redeem the scrip in cash at the rate of 90 cents on the dollar.

During the month of October 1936, appellant by trade and purchase accumulated appellee's scrip to the extent of $2,341.71; of this amount, and prior to January 1937, appellee had redeemed $1,200 of the scrip in cash and $351.40 in coal, leaving a balance of $880.01, for which sum suit was instituted on January 29, 1937, wherein appellant by original and amended petition, sought judgment and a superior lien on all assets of the appellee, except as to rents and royalties. His rights thereto were based on the contract to redeem, and because the laborers from whom he had obtained the scrip were entitled to labor liens. In other words, his claim was that he was subrogated to the rights of the miners from whom he had obtained the scrip.

After the filing of his suit, and before judgment, the Martin's Fork Coal Company had, on January 22, 1937, sued the appellee for certain rents and royalties. The facts, procedure and disposition of this case, with all its intervenors, are shown in the appeal above referred to. On May 3, 1937, the court awarded judgment

in favor of appellant for the amount sought, with interest. The court also sustained an attachment in behalf of appellant, though the proceedings upon which it was obtained, and the attachment, do not appear in this record.

The court did not adjudge appellant a superior or prior lien, but reserved that question for further consideration. On the day following, on motion of appellee, then defendant, this action was consolidated with the Martin's Fork and Sunshine Mining, and interpleader cases. It is admitted in brief that appellant did not file any formal claim after the consolidated cases were referred to a special commissioner for report on all claims, because, as is said, he relied solely on his already obtained judgment and attachment, which he later filed with the commissioner.

In his report the special commissioner refused to recommend his claim as one being preferred, and denied the same as a common creditor, and appellant afterwards filed exceptions to the special master's report. Thereafter, upon final judgment in the consolidated cases, the chancellor upheld the master's report in so far as it rejected the claim of priority, but allowed appellant's judgment debt, placing it in the class of those who were treated as common creditors. It is from so much of the chancellor's decree as denied appellant a superior lien that he prosecutes appeal.

Counsel for appellant in argument contends that his client was entitled to a prior or superior lien on two grounds, though appellant himself was not certain whether he relied on his plea of subrogation to the rights of the miners, or on his alleged judgment and consequent claimed attachment.

On the first point we have only to refer the parties to the Martin's Fork-Sunshine Company case, supra, which clearly disposes of the first contention, particularly the claim of the Sunshine Supply Company, called in the opinion the "commissary." As to its claim against the appellee here, the chancellor overruled the commissioner's recommendation that the claim for lien for more than $5,000 in scrip be allowed, and we overruled the chancellor and approved the commissioner's finding.

Speaking here with reference to appellant's amended petition, we find that the situations of the parties holding the scrip were the same. We said:

"It is clear that the commissary accepted this scrip under the contract it had with the mine, and in doing so had no intention of becoming subrogated to the wage lien, which Section 2487 of the Statutes gives the miner, but relied solely upon the terms of the contract obligating the mine to redeem the scrip."

Then follows the reasons for denying the contention, citing cases in support.

Counsel's contention on the other point is to the effect that he bought the last scrip in October 1936, and filed his suit within less than four months thereafter, and sued out and had levied an attachment, all of which occurred before the order of consolidation. We do not think these facts would have the effect of giving him a prior or superior lien under all the facts and circumstances.

Appellant's first petition merely alleged an account for money due and owing. This was on January 29, 1937. The mining company suspended operation either on January 19 or 22, 1937. On March 26, 1937, appellant filed his amended petition, and for the first time undertook to declare on his right of subrogation to the miners' lien, by reason of his purchases or trades, all of which were prior to the date of failure.

Taking either above named day as the date when the business was "stopped or suspended," then the movement was made, not within the 60 days required by Section 2491, Kentucky Statutes, if appellant was relying on the lien in such cases as this, provided for in Section 2487, Kentucky Statutes et seq. Section 2491 is held mandatory in Gugenheim v. Watkins et al., 167 Ky. 639, 181 S. W. 357, and referred to in Producers' Coal Co. v. Barnaby, 210 Ky. 244, 275 S. W. 625. As to determining date of stopping business or supension, and as to time for filing claim, see Freeman v. Craft, 220 Ky. 15, 294 S. W. 822.

We cannot follow appellant in his asserted claim that the alleged attachment sued out as is claimed on the filing of the original petition, affords him superiority or priority. It appears from his transcript here filed that in that original he prayed for general attachment against the property of appellee. The clerk's endorsement shows attachment and copy issued. The record nowhere shows a return of the officer, or the placing of the

attachment in the hands of, or any levy made by an officer.

It is true that in rendering judgment on May 3, 1937, long after the dissolution proceedings had begun, the court referred to and upheld an attachment. However, in rendering final judgment February 1938, the court, while allowing the former judgment for the claim to stand, denied the appellant a lien based on either of his claims. It is noted in the transcript before us, appellant filed exceptions to the commissioner's report, and with it a copy of the May 3, 1937 judgment, as "exhibit A." He did not file copy of the attachment showing the officer's return, or that the attachment had been levied.

Appellant apparently gave his deposition on the same day. In that it was made clear from the course of examination of claimant, the effort was made to get appellant to say whether he relied on his alleged attachment, or his lien by subrogation. It is evident that he depended on the latter. In this he was asked to file copies of certain other documents, and to file the attachment and officer's return "and make it exhibit No. 2, of your deposition." No such paper appears. The clerk certifies the transcript as complete.

In this state of case we must accept the statement of appellee that no service of attachment, if sued out, was properly made; no levy in the manner provided by Section 217 of the Civil Code of Practice was ever made. This section requires that the officer making the levy shall show what "he had done under it." The return "must show the property attached, * * * and the disposition made of it." If levied upon real estate there shall be a sufficient identifying description.

Appellee points out, and in the state of the record before us with failure to file, we assume the correctness of the statement that the return by the officer showed:

"Executed the within attachment upon the defendant Sunshine Mining Company by handing a true copy of the same to George Michael, who is its president and chief officer in Harlan County." (Signed and dated by sheriff.)

In the case of Bolling et al .v. Pikeville National Bank, 213 Ky. 317, 280 S. W. 1090, we held that to constitute a valid attachment on property of a debtor it is

required that the attachment be levied on the debtor's property or some part of it, and only that part duly levied on will be subjected. This case is peculiarly fitting in facts and circumstances to the matter under discussion. We also said in that case that in the absence of order of attachment and return showing a levy in the required manner, a creditor acquires no lien by virtue thereof.

We are of the opinion that appellant has failed entirely to manifest to us that he has any lien by reason of the alleged attachment, or lien by reason of the purchase or trading in of the laborer's scrip, as was decided in the opinion, supra.

Judgment affirmed.