**James THACKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 18, 1955.

W. R. Knuckles, Pineville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

## CAMMACK, Judge.

James Thacker is appealing from a judgment convicting him of fraudulently and knowingly removing from this State personal property subject to a statutory lien, with intent to prevent or hinder the enforcement of the lien. The property involved was Thacker's automobile, which he removed to Tennessee after a purported attachment by a constable of Bell County. The jury found Thacker guilty and sentenced him to one year imprisonment, but recommended clemency by the court.

Thacker contends that the verdict was contrary to the law and the evidence, since

the evidence revealed that no valid levy had been made pursuant to the attachment order and therefore, no lien had attached to the automobile.

KRS 434.210, under which Thacker was convicted, requires that the property be subject to a statutory lien when it is removed from the State. Under KRS 425.-270 an attachment binds all the accused's property which might be seized under an execution from the time of delivery of the attachment order to the sheriff, but the lien on the property is completed only by executing the order upon the property in the manner prescribed by statute. KRS 425.225(2) provides that an order of attachment be executed upon personal property capable of manual delivery, as in the instant case, by taking the property into custody and holding it subject to order of the court.

We have held that a lien on a specific piece of property acquired by attachment does not become effective merely by issuance of the writ of attachment or by placing the writ in the hands of an officer, Bolling v. Pikeville National Bank, 213 Ky. 317, 280 S.W. 1090; nor does a lien become effective merely upon delivery of a copy of the attachment to the debtor. Lankford v. Sunshine Mining Co., 287 Ky. 53, 151 S.W.2d 402. There must be an actual levy on the property itself. Glass v. Alcorn, 254 Ky. 16, 70 S.W.2d 964

The evidence in the instant case does not satisfy the foregoing requirements necessary for a valid lien by attachment. The constable who served the order of attachment testified that he did not put the order on the car but merely served a copy of the summons on Thacker. He testified further that he did not at any time take possession of the car. Thacker testified that he retained possession of his automobile; that he drove it daily to work, in LaFollette, Tennessee, for two or three months; and that the car was destroyed by fire on the last trip. The record contains no evidence showing that the levying officer obtained possession of the car, as required by KRS 425.225(2). Therefore, Thacker's conviction under KRS 434.210 was unwarranted.

The judgment is reversed, with directions to set it aside and to grant Thacker a peremptory instruction, if upon another trial the evidence be the same.