In re Charles Duane COSTON a/k/a
Chuck Coston SS# 535–26–1336,
Debtor.

Gregory Dean COSTON, Plaintiff,

v.

Charles Duane COSTON, Defendant.

Bankruptcy No. 13–84–01000 MA.
Adv. No. 84–0279 M.

United States Bankruptcy Court,
D. New Mexico.

Sept. 23, 1986.

John C. Wheeler, Albuquerque, N.M., for plaintiff.

James I. Bartholomew, Albuquerque, N.M., for defendant.

Gary B. Ottinger, Albuquerque, N.M., trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on debtor's Objection to Allowance of Claim of Gregory Dean Coston. Gregory Dean Coston ("creditor") responded and the matter was heard on March 31, 1986.

The dispute arises out of a provision in the marital-settlement agreement between the creditor's parents, debtor and Camille G. Coston, whereby the ownership of a Kentucky family farm was to be held jointly by the debtor and his two sons. This settlement agreement was incorporated into the Judgment for Final Decree of Dissolution of Marriage entered by the Kentucky Hardin Circuit Court in April 1964. Debtor subsequently sold the farm and creditor complained in state court that his father had wrongfully converted the property. During the course of this suit, on September 8, 1981, a prejudgment order of attachment was issued by the Mead County Circuit Court in Kentucky. As of December 31, 1984, pursuant to the attachment, the sum of $5,934.50 had been paid into the Mead County Court Registry and the sum of $5,576.49 was still due to be paid into the Registry. On June 21, 1984, creditor's motion for summary judgment on the issue of wrongful conveyance was granted and creditor was given judgment for $30,-000.00. Debtor filed a chapter 13 petition in bankruptcy on August 3, 1984, in the United States Bankruptcy Court for the District of New Mexico.

The controlling issue is whether creditor has a secured claim as against the monies

paid and to be paid into the Mead County Court Registry ("the attached property"). Debtor asserts that Gregory Dean Coston is not a secured creditor but rather is an unsecured general judgment creditor. Conversely, creditor contends that he has a statutory lien and, thus, is a secured creditor to the extent of $11,510.99, the total amount of the attached property.

In order to ascertain creditor's status as either secured or unsecured it is first necessary to determine whether creditor acquired a lien on the attached property. This can only be established by looking to Kentucky law. As stated previously by this Court, "the effect of a writ of garnishment is determined by the laws of the state in which the writ issues." *In re Town and Country Color Television, Inc.*, 22 B.R. 421 (Bankr.D.N.M.1982); *see also In re Woodman*, 8 B.R. 686 (Bankr.W.D.Wis. 1981).

Under Kentucky Law, a lien is created "by the levy of the attachment; or by service of the summons with the object of the action endorsed thereon, on the person holding or controlling his property." K.R.S. § 426.383 (1979 Repl.Unit). To acquire a lien by attachment it is insufficient that the writ of attachment was merely issued or placed in the officer's hands or delivered to the debtor; "there must be actual levy on the debtor's property." *Thacker v. Commonwealth*, 284 S.W.2d 325 (Ky.1956); *Glass v. Alcorn*, 70 S.W.2d 964, 254 Ky. 16 (1934). In addition, all statutory provisions must be complied with in order to obtain a lien. *Glass*, 70 S.W.2d 964.

■ Here, it appears that the statutory requirements for the creation of a lien were met. Debtor makes no allegations to the contrary. It further appears that actual levy on the attached property has taken place, as evidenced by the attached property being paid into the Mead County Court Registry. Therefore, creditor did acquire a lien on the attached property.

■ Second, it is necessary to determine the type of lien created as a result of the attachment by creditor. For purposes of the Bankruptcy Code, the lien acquired as a result of the attachment by the creditor is a judicial lien, as defined in § 101(30) of the Bankruptcy Code:

> (30) "judicial lien" means lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding.

11 U.S.C. § 101(30). Included within this definition is a lien established by attachment or garnishment. *In re McNeeley*, 51 B.R. 816 (Bankr.D.Utah 1985); *see also Town and Country Color Television*, 22 B.R. 421.

■ A statutory lien, on the other hand, is defined in the Code as follows:

> [a] lien arising solely by force of a statute on specified circumstances or conditions, or lien or distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(45). As explained in the legislative history, "[a] statutory lien is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action." H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 314 (1977), 1978 U.S. Code Cong. & Admin.News, pp. 5787, 6271; S.Rep. No. 95–989, 95th Cong.2d Sess. 27 (1978), 1978 U.S.Code Cong. & Admin. News p. 5813. Thus, creditor has a judicial lien and not a statutory lien for purposes of the Bankruptcy Code despite the fact that his lien was created by compliance with statutorily established requirements.

■ Finally, it is necessary to determine the effect of the June 21, 1984, Kentucky State Court judgment on the attachment lien held by creditor, particularly since the judgment occurred within the 90 day preference period of § 547. Entry of a judgment operates to perfect a prejudgment attachment lien and preserves the priority established by the attachment lien. In other words, "the perfected lien will relate back to the date the writ was levied upon." *McNeeley*, 51 B.R. at 819.

Here, the judicial lien obtained by the creditor was perfected by entry of the Kentucky state court judgment but the priority of the lien dates back to the date of levy on the attached property, a date outside the 90 day preference period of § 547. It is immaterial that the judgment perfecting creditor's attachment lien was entered within 45 days of debtor's filing his petition in bankruptcy. *McNeeley,* 51 B.R. at 820; *Metcalf Brothers & Co. v. Barber,* 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902).

In conclusion, this Court holds that creditor established a valid judicial lien. Further, such lien was perfected by the Kentucky state court judgment of June 21, 1984, and the effective date of the lien relates back to the date on which the lien was levied. Therefore, this Court finds creditor to be a secured judicial lien creditor.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.