**In re Fred CHAVEZ and Brandy Chavez, Debtors.**

**Fred Chavez et al., Plaintiffs,**

**v.**

**Mercury Finance, Defendant.**

**Bankruptcy No. 7–00–1097–SA.
Adversary No. 00–1090–S.**

United States Bankruptcy Court, D. New Mexico.

Jan. 16, 2001.

William P. Gordon, Albuquerque, NM, for plaintiff.

Richard R. Marquez, Albuquerque, NM, for defendant.

Michael J. Caplan, Grants, NM, trustee.

### MEMORANDUM OPINION ON WAGE GARNISHMENT

JAMES S. STARZYNSKI, Chief Judge.

This matter came before the Court for a pretrial conference. Plaintiffs were represented by their attorney William Gordon & Associates (Holt Guysi). Defendant Mercury Finance ("Mercury") appeared through its attorney Richard Marquez. This adversary proceeding seeks to recover wage garnishments as preferential transfers. In its answer to the complaint, Mercury raised, as an affirmative defense, that its writ of garnishment issued before the preference period creating a lien that would isolate any payments received from a preference attack. The Court asked for briefs on the issue.

*Service Corporation v. Jordana (In re Jordana),* 232 B.R. at 474 *with Coats v. Ogg (In re Coats),* 232 B.R. at 214.

The facts, established by the answer to the complaint are as follows:

1. Jurisdiction and venue are proper.

2. Debtors filed for relief under Chapter 13 on February 24, 2000.

3. Mercury obtained a judgment in a state court proceeding against Debtors on April 21, 1999.

4. Through a writ of garnishment, Mercury obtained $1,647.64.

There are no other facts before the Court.

Mercury has two arguments. First, it claims that one garnishment occurred on November 9, 1999 and one on November 16, 1999, both outside the 90 day preference period of 11 U.S.C. § 547(b)(4)(A). Mercury attached exhibits to its brief that demonstrate these payments, but exhibits to a brief are not evidence. The Court therefore cannot find that these payments were outside the preference period. Of course, if the exhibits prove true, Mercury would presumably have a valid defense to recovery of those payments.

▮ Mercury's second argument is that it is a secured creditor by virtue of § 35–12–3 N.M.S.A.1978[1], New Mexico's garnishment statute. Mercury cites five cases, including one from New Mexico, that it claims support the proposition that the service of the writ of garnishment divests the debtors from their right to receive the garnished wages and that this lien dates back to the initial service of the writ.

Four of the five cases cited by Mercury do not deal with garnishment of wages: *Harrington v. Limbey (In re Harrington)*, 70 B.R. 301, 303 (Bankr.S.D.Fl.1987)(funds held in a retirement system); *Coston v. Coston (In re Coston)*[2], 65 B.R. 224, 225 (Bankr.D.N.M.1986)(funds held in a court registry); *Moratzka v. Bill Simek Distributing, Inc. (In re Brinker)*, 12 B.R. 936, 937 (Bankr.D.Mn.1981)(funds in bank account); *Florida East Coast Ry. Co. v. Consolidated Engineering Co.*, 95 Fla. 99, 100, 116 So. 19, 20 (1928)(personal property). In each of these cases there was a *res* existing at the time of garnishment to which a lien could attach. In the case before the Court, Mercury's garnishment had no existing *res* that could be attached; Mercury had only a right to future wages, as earned. Therefore, the Court finds these four cases not persuasive.

The fifth case cited by Mercury, *Matter of Coppie*, 728 F.2d 951 (7th Cir.1984), *cert. denied*, 469 U.S. 1105, 105 S.Ct. 777, 83 L.Ed.2d 772 (1985), is directly on point. The issue before that court was whether the garnishment of a debtor's wages within ninety days of bankruptcy, pursuant to a garnishment order issued more than ninety days before the bankruptcy, constituted an avoidable preference. *Id.* at 952. Construing Indiana law the Court found that the lien was a "continuing garnishment" that divested the debtor of any property interest in 10% of his future salary. *Id.* at 952–53. The Court therefore found that there was no transfer at the time of the

---

1. That section provides in part:

   A. [S]ervice of a garnishment on the garnishee has the effect of attaching all personal property, money, wages or salary in excess of the amount exempt ... of the defendant in the garnishee's possession or under his control at the time of service of the garnishment or which may come into his possession or under his control or be owing by him between the time of service and the time of making his answer.

   B. Service of a garnishment issued in advance of judgment does not attach any wages or salary due the defendant from the garnishee.

   C. After service of a garnishment on the garnishee, it is unlawful for the garnishee to pay to the defendant in the action any debt or to deliver to him any personal property attached by the garnishment.

2. In fact, a later opinion by the same Judge states, albeit in dicta, "The transfer of garnished wages does not take place until the garnished wages are earned. Thus, any stream of payments on wages earned within ninety days of the bankruptcy petition is a preferential transfer to the creditor." *Behles v. Ellermeyer (In re Lucas)*, 107 B.R. 332, 337 (Bankr.D.N.M.1989) (citation omitted).

actual garnishments, and found no preference. *Id.* at 953.

Two other Courts of Appeals, the Second and Eleventh, have also held that such garnishments are not avoidable. *See, Riddervold v. Saratoga Hospital (In re Riddervold)*, 647 F.2d 342 (2nd Cir.1981) and *Askin Marine Company v. Conner (In re Conner)*, 733 F.2d 1560 (11th Cir.1984).

The Court is not persuaded by any of these cases. 11 U.S.C. § 547(e)(3) provides "For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred." Under a straightforward reading of this section it would seem that wages cannot be transferred until the debtor has acquired rights in those wages. Neither *Conner* nor *Riddervold* discuss or even mention § 547(e)(3). *Coppie* does, but only to say that § 547(e)(3) does not apply:

> because after a garnishment order providing for a continuing lien is entered in Indiana, a debtor will never acquire rights in the portion of his or her wages to be garnished in the future. Once a garnishment order has been entered by a court, the debtor's rights in 10% of his or her future wages are irrevocably transferred to the garnishment plaintiff.

728 F.2d at 953.

■ This Court disagrees that § 547(e)(3) does not apply. In Bankruptcy Court, in the absence of any controlling federal law, property and interests in property are matters of state law. *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). One exception to this application of state property law is the Supreme Court's rule that wages only become property when earned. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 243, 54 S.Ct. 695, 78 L.Ed. 1230 (1934)("The earning power of an individual is the power to create property; but it is not translated into property within the meaning of the Bankruptcy Act until it has brought earnings into existence.") While state statutes may assign priorities among creditors through a garnishment statute,

*see e.g., Amaya v. Santistevan*, 114 N.M. 140, 143, 835 P.2d 856, 859 (Ct.App.1992)(*citing Behles v. Ellermeyer (In re Lucas)*, 107 B.R. at 335), the existence of wages as property in a bankruptcy context is determined by federal law. *See* Matthew Frankle, *Wage Garnishments in Bankruptcy: Riddervold Revisited*, 21 Cardozo L.Rev. 927, 956 (1999)("In the specific case of the transfer of future wages, state law will not govern once the decision comes within the purview of federal bankruptcy.")

■ What constitutes a "transfer" of property and when a transfer is complete is also a matter of federal law. *Barnhill v. Johnson*, 503 U.S. 393, 397, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). And, under federal law, § 547(e)(3) provides that a transfer is not made until a debtor acquires rights in the property transferred. Therefore, in the case of wage garnishments, transfers can occur only as the wages are earned. *See, e.g., Chiasson v. First Tennessee Bank National Association (In re Kaufman)*, 187 B.R. 167, 172 (Bankr.E.D.La. 1995)("A debtor cannot acquire rights to wages until the wages have been earned. Thus, a transfer cannot logically occur until the debtor has, in fact, earned the wages."); *Taylor v. Mississippi Learning Institute (In re Taylor)*, 151 B.R. 772, 778 (Bankr.N.D.Ms.1993)("[T]his court is of the opinion that a cognizable transfer occurs when the employer withholds the statutory non-exempt percentage from the debtor's wages. No transfer can logically occur until the debtor has, in fact, earned the wages."); *Larson v. Olympic Finance Co. (In re Larson)*, 21 B.R. 264, 270 (Bankr.D.Ut.1982):

> Under the 'time of taking effect' and 'time of perfection' rules alone, the transfer of the garnishment lien would be deemed to have been made ... outside the 90 day period.... This result, however, is precluded by Section 547(e)(3), which provides that for purposes of Section 547, a transfer is not

made until the debtor has acquired right in the property transferred.

The debtor acquired no interest in his wages until he earned them. (Footnote omitted.)

Therefore, this Court disagrees with the reasoning in *Coppie.*

Similarly, other courts have generally not adopted the reasoning of *Coppie, Conner* or *Riddervold.*

[T]he majority of bankruptcy courts across the country hold that garnishment payments collected within the ninety-day "window" of § 547, pursuant to a wage execution levied prior to the preference period, constitute voidable preferences. Essentially, these courts hold that the language of § 547(e)(3) means that debtors cannot transfer their wages until they are earned, at which point the debtor acquires a right in those wages.

*In re Mays,* 256 B.R.555, at 560 (Bankr. D.N.J.2000) (citations and footnote omitted). *See also Wade v. Midwest Acceptance Corporation (In re Wade),* 219 B.R. 815, 821 (8th Cir. BAP 1998):

The Code prevents a transfer which might otherwise have been considered to have occurred when a continuing lien is created from actually being effective for preference analysis "until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3). Where wages are involved this means that no transfer occurs until the wages are earned. And, thus, if future wages are subject to a garnishment lien arising outside the ninety day preference period, but are earned within that ninety day period, the lien does not attach until the wages are earned.

For these reasons, the Court would rule that payments of wages within the 90 days before the petition pursuant to a writ of garnishment served outside the 90 days would be preferential, assuming the other requirements of § 547 are met. Mercury concedes that two of the payments were made within ninety days of the filing of the petition. Memorandum in Opposition to Complaint to Avoid Preference and to Compel Turnover of Garnished Funds, at 2. Doc. 9. But because there is no evidence actually before the Court about the dates of the first two payments, nor about the effect of the distribution pursuant to 11 U.S.C. § 547(b)(5), the Court is unable to dispose of this matter at this time. The Court will set a pretrial conference by separate order.